IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICARDO WARE,<br><br>      Petitioner<br><br>VS.<br><br>RALPH KEMP, Warden,<br><br>      Respondent | NO. 5:06-CV-370 (CAR)<br><br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a petition for a writ of habeas corpus filed by Ricardo Ware. Tab #1, Tab #14, and Tab #23. The petitioner has sued Ralph Kemp asserting numerous grounds for relief.[1] After intervening in this action, and on behalf of Warden Kemp, Georgia Department of Corrections Commissioner James Donald filed a response to the petitioner's claims. Tab #17 and Tab #18. After careful consideration, the undersigned RECOMMENDS that this petition be **DENIED**.

### I. Procedural History

On June 6, 2001, a Bibb County, Georgia jury found petitioner Ware guilty of Armed Robbery. Thereafter, the petitioner sought a direct appeal. On appeal, he alleged the following:

1. the trial court erred by admitting evidence of his confession because the municipal court warrant on which he was arrested was invalid;

2. the trial court erred by overruling his *Batson* challenge of certain jury strikes by the state;

3. trial counsel was ineffective for failing to investigate the validity of a municipal court arrest warrant;

4. trial counsel was ineffective for failing to investigate whether a fingerprint was found at the crime scene and compared to those of another suspect;

---

[1] Respondent Kemp is the Warden of a "private prison" operated by a corporation pursuant to a contract with the Georgia Department of Corrections. As such, James Donald, the Commissioner of the Georgia Department of Corrections at the time the instant petition was filed, requested to intervene as a party respondent. Tab #20. His request has been granted. Tab #25.

Upon review, and in an order entered on December 4, 2002, the Georgia Court of Appeals affirmed the petitioner's conviction and sentence. *Ware v. State*, 258 Ga. App. 706, 574 S.E.2d 898 (2002). Petitioner Ware then applied for *certiorari* to the Georgia Supreme Court. His application was denied on March 28, 2003. *Ware v. State*, Case No. S03C0588 (Ga. Mar. 28, 2003).

On December 5, 2003, the petitioner filed a **state** habeas corpus petition in the Superior Court of Lee County, Georgia. Therein, he raised the following issues:

1. Ineffective assistance of counsel in that his counsel allegedly:
    a. Failed to interview and investigate alibi witnesses
    b. Failed to subpoena witnesses
    c. Failed to preserve issues for appeal
    d. Denied him the right to testify
    e. Failed to investigate the victims' statement
    f. Failed to investigate the arrest warrant
    g. Failed to file a motion for a fingerprint expert
    h. Failed to keep him informed about the status of the case
    i. Failed to fully utilize discovery
    j. Had a conflict with him
    k. Failed to correct perjury that occurred during trial
    l. Failed to believe that he was innocent
    m. Failed to subpoena the state's informant
    n. Failed to object the state's suppressing evidence
    o. Failed to make a motion to quash the indictment
    p. Failed to file a motion for continuance
    q. Failed to object to the chain of custody drawer
    r. Failed to prepare for trial

2. A *Brady* violation alleging that the prosecutor failed to disclose exculpatory evidence ;

3. Actual, factual, and legal innocence contending that the evidence at trial was insufficient to find him guilty.

The **state** habeas corpus court held an evidentiary hearing on the petition on May 6, 2004. That court then denied relief in a final order dated July 19, 2005. Petitioner Ware next filed an application for a certificate of probable cause to appeal. The Supreme Court of Georgia denied this application on April 26, 2006. On October 25, 2006, the petitioner executed the instant **federal** habeas corpus petition. The action is now ripe for review.

## II. Factual Background

The following excerpt contains the facts as found by the Georgia Court of Appeals on direct appeal of the petitioner's criminal case. After review, and for purposes of considering this petition, the facts set forth below are adopted by this court.

> *Viewed in favor of the verdict, evidence presented at trial shows that two masked men with guns entered a convenience store, demanded money from the clerk, took a drawer full of money from the cash register, and fled. Several months later, a police officer executed a municipal court arrest warrant against Ware based on his contempt of court for failure to appear at a proceeding unrelated to the armed robbery. After his arrest, Ware pled guilty to the municipal court contempt charge, and confessed to the armed robbery, signing a written statement admitting his participation in the crime.*

*Ware* at 706.

## III. Need for an Evidentiary Hearing

Under the AEDPA, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, and in light of the fact statement cited above, the undersigned finds that an evidentiary hearing is not warranted in this case.

## IV. Legal Standards

Pursuant to the provisions of 28 U.S.C. § 2254(d), this court will not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

### Factual Presumption of Correctness

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. Discussion

In his initial petition, petitioner Ware enumerated sixteen (16) grounds for relief. In a subsequent pleading, the petitioner amended his original petition by alleging three (3) more grounds for relief. In this amended pleading, and in addition to raising three additional grounds, the petitioner asked that the first four grounds listed in his original petition be dismissed. In order to avoid confusion, and despite this request for dismissal by the petitioner, the undersigned will list the grounds contained in both pleadings and then proceed to address them accordingly.

### GROUNDS IN ORIGINAL PETITION

The grounds initially raised by the petitioner are as follows:

1. "**Alibi Witness**" in support, the petitioner asserts that he advised trial counsel that he had an alibi witnness that would provide the address where the petitioner was located at the time of the crime.

2. "**Motion to Suppress Petitioner Statements**" in support, the petitioner alleges that he was deprived of trial counsel during a *Jackson-Denno* hearing and that his trial should have known that the "halmark to the post-arrest confession was the invalid arrest warrant."

4

3. "**Trial Counsel Prejudiced the Petitioner Case and Fundamentally Deprive Petitioner of Full and Fair Trial**" in support, the petitioner alleges that trial counsel failed to make inquiries that would have revealed the illegality of the arrest and thus prevented admission of his confession.

4. "**Petitioner was Deprived of his Right to Effective Assistance of Counsel and His Right to Testify Where Petitioner Trail Counsel Threaten to Withdraw if Petitioner Chose to Testify**"

5. "**Procedurally Defaulted Claims and Prejudice**" in support, the petitioner claims that his trial counsel deliberately caused his claims to be procedurally defaulted.

6. "**Deprived of Fingerprint Expert, Exculpatory Evidence, and Chain of Custody**" in support, the petitioner contends that his trial counsel's failure to obtain a fingerprint expert deprived him of a fair trial.

7. "**Entrapment**" in support, the petitioner alleges that the officers that arrested him in his home did so without exigent circumstances or probable cause.

8. "**Prosecution's Brady Violation**" in support, the petitioner avers that the prosecutor "failed to produce, or make known to the court about the fingerprint report, and that the warrant was invalid."

9. "**The Petitioner is Actually, Factually, and Legally Innocent and Suffer a Miscarriage of Justice**"

10. "**Petitioner was Denied a Full and Fair State Habeas Hearing in Lee County, Leesburg, GA**" in support, he claims that at the state habeas hearing, he was improperly assigned the burden of filing subpoenas for his trial and appellate counsel.

11. "**Newly Discovered Evidence**" in support, he argues that because the sheriff is a county policy maker with respect to maintaining and recalling criminal warrants, the county is liable.

12. "**Ineffective Assistance of Counsel**" in support, he states that his trial counsel was "constitutionally defectively ineffective in his case."

13. "**Warrant**"

14. "**Boston [sic] Issue**" in support, he contends that the prosecutor's strike of five African-American females was improper.

5

15. "**Testimony of Eyewitness**" in support, he claims that his final witness was present during the armed robbery and testified that she believed someone else was the culprit.

16. "**Failure to Develop Exculpatory Evidence**" in support, he contends that this ground is based upon the state's alleged failure to produce a fingerprint report which might have been exculpatory of his guilt.

17.

In his amended **federal** petition, the petitioner alleged the following three grounds:

1. His confession should have been suppressed because it was the product of an illegal interrogation during which he was never advised of his rights and because it occurred incident to the execution of an illegal arrest warrant.

2. The trial court erred by overruling his *Batson* challenge.

3. Ineffective assistance of both trial and appellate counsel with regard to their actions involving the arrest warrant, fingerprint report, and an eyewitness.

PROCEDURALLY DEFAULTED CLAIMS

The United States Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for, and actual prejudice from, the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The relevant procedural rules which operate to bar a petitioner from raising a federal constitutional claim in Georgia's courts are codified in O.C.G.A. § 9-14-48(d) and O.C.G.A. § 9-14-51. The former governs a petitioner's initial state habeas corpus petition and the latter any second or subsequent petitions. In pertinent part, O.C.G.A. § 9-14-48(d) provides as follows:

> *The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.*

Likewise, and also in pertinent part, O.C.G.A. § 9-14-51, provides:

*All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.*

Relying in part upon the above-cited legal standards, and in support of his Response to the instant petition, the respondent begins by arguing that grounds 1, 3, 4, 5, 7, 8, 9, 11, 15, and 16 of the petitioner's original **federal** petition are procedurally defaulted. To support this assertion, the respondent divided these grounds into three groups and addressed each group separately. The first of these groups contains grounds 1, 3, 8, 9, and 16. With regard to these grounds, the respondent avers that none were raised by the petitioner on direct appeal. Consequently, when raised in his **state** habeas corpus petition, they were found to be procedurally defaulted in accordance with the provisions of O.C.G.A. § 9-14-48(d).

The second group consists of grounds 4, 11, and 15. According to the respondent, these grounds were not raised by the petitioner on direct appeal or in his **state** habeas corpus action. As such, even if raised in a second or subsequent **state** habeas corpus petition, they would still be procedurally defaulted and thus improper for federal habeas corpus review.

The third and final group includes grounds 5 and 7. The respondent avers that these grounds were first raised in the petitioner's **state** habeas corpus action. For this reason, and even despite the fact that the **state** habeas corpus court did not specifically rule upon these grounds, he concludes that they are obviously and inexcusably procedurally defaulted.

7

For the reasons stated above, and upon the conclusion that the petitioner has failed to show cause and prejudice sufficient to excuse these defaults, the respondent asserts that the petitioner Ware is not entitled to, nor should this court grant relief on, any of these grounds. The undersigned agrees. After careful review of the pleadings and relevant law, as well as the voluminous record in this case, it appears to the undersigned that grounds 1, 3, 4, 5, 7, 8, 9, 11, 15, and 16 of the petitioner's original **federal** petition are indeed procedurally defaulted. Moreover, because the petitioner has failed to show cause or prejudice sufficient to excuse these defaults, these grounds must fail.

### EFFECTIVE ASSISTANCE OF COUNSEL

In grounds 2, 6, and 12 of his original **federal** petition, petitioner Ware asserts claims of ineffective assistance of trial counsel that are essentially identical to those raised on direct appeal and in his **state** habeas corpus petition. These claims were considered on the merits by the Georgia Court of Appeals in its decision affirming petitioner' conviction and sentence. Thereafter, the **state** habeas corpus court identified these specific claims, noted that they had been considered on the merits and then rejected and/or decided adversely to the petitioner on appeal, and then found that they were precluded from re-litigation in a **state** habeas corpus action.

Because these claims were considered on the merits by the state court, the undersigned must defer to that judgment unless one of two conditions is satisfied: the state-court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C.A. § 2254(d)(1).

Upon a review of their decision, the undersigned observes that, in adjudicating these claims, the state appellate court correctly identified and properly applied the standard set forth in the case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]  In light of this observation, the undersigned finds that the decision of the state appellate court was not contrary to or an unreasonable application of Federal Law.  Consequently, and pursuant to the provisions of 28 U.S.C. § 2254(d), the petitioner is not entitled **federal** habeas relief on his claims of ineffective assistance of counsel raised in grounds 2,6,and 12.

### *BATSON* CHALLENGE

In ground 14 of his original **federal** habeas corpus petition,  petitioner Ware raises a claim involve a *Batson* challenge.  This claim was  raised on direct appeal and considered on the merits by the Georgia Court of Appeals in its decision affirming the petitioner' conviction and sentence.  As such, and just as in the ineffective assistance of counsel claims discussed above, the undersigned must defer to that judgment unless one of two conditions is satisfied: the state-court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding".  28 U.S.C.A. § 2254(d)(1).

The state appellate court's findings on this issue are as follows.

> *Ware contends that the trial court should have sustained his Batson challenge to the state's use of peremptory challenges to strike five African-American women from the jury pool. Under Batson, a prosecutor may not strike a juror because of her race. There are three steps when a criminal defendant raises a Batson challenge: (1) the defendant must make a prima facie showing of racial discrimination; (2) the prosecutor must then give a race-neutral explanation for the strike; and (3) the court must then decide if the defendant has proven discriminatory intent. The court's finding is entitled to great deference and shall be affirmed unless clearly erroneous.*

---

[2] This standard requires a party alleging ineffective assistance of counsel to show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result thereof.

> *In the instant case, Ware made a prima facie showing of racial discrimination by noting that all five of the peremptory strikes used by the state were against African-American women. The prosecutor then offered her reasons for the strikes, stating that she struck two of the women because they have arrest records and she struck the other three women because they are unemployed. Ware's attorney conceded that the prosecutor's reasons were race-neutral and withdrew his objection to the striking of the two women with arrest records. But he maintained that the striking of jurors based on their being unemployed was improper. The prosecutor responded that one-third of the jury pool was African-American and one-third of the 12 jurors actually selected were also African-American. Ware offered no other argument or evidence, and the trial judge then denied the Batson challenge.*
>
> *Contrary to Ware's contention, the state may strike a prospective juror because of her lack of employment. Because the state's reason for striking the women was concrete, tangible and race-neutral, the trial court's denial of the Batson challenge was not clearly erroneous and must be affirmed.*

*Ware* at 707-08. (Citations and footnotes omitted).

In light of and upon review of the above, it is apparent that the state court's decision was neither contrary to clearly established Federal law nor based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, ground 14 is without merit.

### STATE HABEAS CORPUS COURT PROCEDURE CLAIM

In ground 10, petitioner Ware alleges that he was denied a full and fair **state** habeas corpus hearing in Lee County, Leesburg, GA because he was improperly assigned the burden of filing witness subpoenas for his trial and appellate counsel. In response to this claim, the respondent contends that, as pled, the ground fails to state a claim for **federal** habeas corpus relief. The undersigned agrees. Because alleged errors in **state** habeas corpus proceedings do not state grounds for relief in **federal** habeas corpus, ground 10 is without merit. *See Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004).

MISCELLANEOUS GROUNDS

The petitioner's remaining grounds include ground 13 from his original **federal** petition, as well as the three grounds he raised by amendment. Therein, he has essentially restated his claims concerning (1) the validity of the municipal court warrant, (2) the admissibility of his confession, (3) the *Batson* challenge, (4) and his counsel's performance relating to fingerprint evidence, eyewitness testimony, and the warrant. Because these issues have already been raised by the petitioner and found by the undersigned to be without merit, additional analysis is unnecessary.

Accordingly, **IT IS THE RECOMMENDATION** of the undersigned that the petition of Ricardo Ware seeking relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE